# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSEPH ANTHONY FAVORS, | Case No. 21-CV-1447 (PJS/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| MERRICK BANK, | |
| Defendant. | |

Sometime in 2020, plaintiff Joseph Anthony Favors applied for a credit card from defendant Merrick Bank and was approved. Favors never received the card; Merrick Bank told him that the card had been returned in the mail, that Favors's credit account had therefore been canceled, and that Favors would have to submit another application if he still wanted a credit card from Merrick Bank. Favors reapplied three weeks after submitting his first credit application, but his second application was denied. Favors now sues Merrick Bank under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 et seq., and for breach of contract under state law.

Favors did not pay the filing fee for this case, instead applying for *in forma pauperis* ("IFP") status. *See* ECF No. 2. The Court will, for the moment, put aside the matter of Favors's financial eligibility for IFP status. An action may be dismissed when an IFP applicant has filed a complaint that fails to state a claim on which relief may be

granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In deciding whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). A pro se complaint is to be construed liberally, but the complaint must nevertheless "allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

As relevant to this case, the ECOA provides that

> [i]t shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction—
>
> (1) on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract);
>
> (2) because all or part of the applicant's income derives from any public assistance program; or
>
> (3) because the applicant has in good faith exercised any right under this chapter.

2

15 U.S.C. § 1691(a).

Favors arrives at the conclusion that he has been discriminated against in violation of the ECOA through a process of elimination. Merrick Bank approved his application for a credit account. That account was canceled only because the credit card had not been properly delivered to Favors. Three weeks later, Favors submitted an identical application to Merrick Bank. This time, the application was denied. Nothing about Favors's creditworthiness had changed during the three weeks between the filing of the first and second applications. Therefore, concludes Favors, Merrick Bank could only have denied his second credit application because it discriminated against him on the basis of his race, marital status, age, or one of the other characteristics identified in § 1691(a).

Favors's ECOA claim must be dismissed because the complaint does not allege sufficient facts to create a plausible inference that Merrick Bank unlawfully discriminated against him. Taking the non-conclusory allegations in the pleading as true, nothing about Favors's creditworthiness changed in the three weeks between his first and second credit applications.[1] At the same time, though, neither did anything

---

[1] Favors cites to exhibits that might buttress these factual allegations, but he has failed to submit these exhibits to the Court with his pleading. This is common practice for Favors. *See, e.g.*, *Favors v. Chase Bank*, No. 18-CV-3187 (JNE/LIB), 2019 WL 3769710, at *1 n.3 (D. Minn. June 28, 2019) ("The Court notes that Plaintiff's Complaint makes several references to attached exhibits but there are in fact no exhibits attached to Plaintiff's Complaint."); *Favors v. Chase Bank USA, N.A.*, No. A20-0642, 2021 WL 79935, at *1 n.2 (Minn. Ct. App. Jan. 11, 2021) ("While Favors's complaint refers to attached exhibits,

change about the characteristics identified by § 1691(a).  In other words, Favors's race, marital status, age, and so on were *also* the same at the time of each application.

Favors does not identify which of these characteristics was allegedly used by Merrick Bank to deny his second, but not his first, credit application.  Nor does Favors allege that similarly situated applicants of differing races, national origins, or the like have been treated more favorably by Merrick Bank.  The mere fact that Favors was at first approved for credit and later denied does not, by itself, create a plausible inference upon which a reasonable factfinder could conclude that the second decision was the product of unlawful discrimination.  *See, e.g.*, *Burrell v. State Farm Fire & Cas. Co.*, No. 00 Civ. 5733 (JGK), 2001 WL 797461, at *9 (S.D.N.Y. July 12, 2001) (noting that "a plaintiff may not rely on conclusory assertions of racial discrimination and 'must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to an inference of racially discriminatory intent.'" (quoting *Yusuf v. Vassar Coll.*, 35 F.3d 709, 713–14 (2d Cir. 1994)); *Trakansook v. Astoria Fed. Sav. & Loan Ass'n*, No. 06-CV-1640 (SMG), 2007 WL 1160433, at *8 n.5 (E.D.N.Y. Apr. 18, 2007) ("Plaintiff's proposed amended complaint does not identify any particular basis for [defendant's] alleged discriminatory animus, but instead simply alleges in conclusory terms that defendants violated the ECOA.")

---

purportedly containing the 'Settlement Offer,' he did not file any attachments with the complaint.").

Favors also claims that Merrick Bank breached a contract when it closed his credit account and denied his second application. The complaint acknowledges, though, that the Court has only supplemental jurisdiction over this state-law breach-of-contract claim.[2] *See* Compl. at 2 (citing 28 U.S.C. § 1367); Fed. R. Civ. P. 8(a)(1) (requiring a pleading that states a claim for relief to contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support"). The Eighth Circuit has made clear that when all claims arising under federal law have been dismissed before trial, the court should decline to exercise supplemental jurisdiction over remaining state-law claims. *See Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726–27 (8th Cir. 2008). Accordingly, this Court will decline to exercise supplemental jurisdiction over the breach-of-contract claim brought by Favors. The complaint in its entirety will be dismissed without prejudice.

Before dismissing this matter, however, the Court returns to the issue of Favors's financial eligibility for IFP status. Favors is one of the most vexatious litigants—perhaps *the* most vexatious litigant—in the District of Minnesota. In the first six months of 2021 alone, Favors has initiated 18 proceedings in this District. Favors initiated another nine proceedings in 2020.

---

[2] Favors does not allege the parties' state of citizenship in his pleading, and does not allege that the amount in controversy exceeds $75,000. Accordingly, 28 U.S.C. § 1332(a) cannot supply subject-matter jurisdiction over the state-law claims.

Favors has applied for IFP status in each of those actions.  In only one of the IFP applications submitted by Favors in 2020 did he report an income of as much as $800 per month, *see Favors v. Mike*, No. 20-CV-0365 (SRN/DTS), ECF No. 2 (D. Minn. Jan 28, 2020) (IFP application dated January 23, 2020).  Favors reported a monthly income of $350 or less in each of the other eight IFP applications he submitted that year.  Additionally, Favors reported a monthly income of $300 in December 2019, only a few weeks before submitting the IFP application reporting an income of $800 per month.  *See Favors v. Discover Bank*, No. 19-CV-3080 (PJS/TNL), ECF No. 2 (D. Minn. Dec. 12, 2019) (IFP application dated December 9, 2019).

The Court was therefore surprised to learn that "[a]t the time of his first [credit] application on a date to be determined in 2020 [Favors] listed income in excess of $1,000 per month and bank references for checking and savings accounts." Compl. at 7.  The second credit application, submitted by Favors "only three (3) weeks later again indicated income in excess of $1,000 per month." *Id*.  This is not the first time that the representations made by Favors to this Court regarding his finances have differed substantially from the representations that he has made to others.  *See Favors v. Internal Revenue Serv.*, No. 21-CV-0359 (PJS/TNL), ECF No. 12 (D. Minn. Mar. 19, 2021) (order of Magistrate Judge Tony N. Leung noting discrepancies between IFP applications submitted by Favors in 2019 and tax documents from that year).

6

"[T]he court system depends on the honesty and forthrightness of applicants to ensure that the privilege is not abused." *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004) (quotation omitted). There is now substantial reason to believe that Favors cannot be trusted to truthfully represent his financial status to the Court. Accordingly, the Court is not prepared to say that Favors is financially eligible for IFP status in this case without additional evidence beyond the representations made by Favors in his IFP application.

The issue of Favors's true current financial status is irrelevant in this particular case, which is being dismissed pursuant to § 1915(e)(2)(B) regardless of whether Favors qualifies financially for IFP status. Going forward, however, this Court will not permit Favors to proceed IFP in non-habeas matters filed in this District unless he submits financial documentation verifying his inability to pay the filing fee. That documentation must include: (1) the statement from the trust account maintained on behalf of Favors by the Minnesota Sex Offender Program for the 90 days preceding the filing of the action, and (2) statements from all checking, savings, and other asset accounts maintained by Favors or on Favors's behalf for the 90 days preceding the filing of the action. The documentation must be current to within ten days of the date on which the action is commenced and must not be altered or abridged by Favors in any way.

7

Should Favors fail to submit the financial documentation identified above, a miscellaneous case will be opened in connection with Favors's attempted lawsuit, and Favors will be given an additional 30 days in which to submit the required financial documentation. Should Favors then fail to submit the required financial documentation within that 30 days, the miscellaneous action will be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Upon timely receipt of the required financial documentation from Favors, the Court will direct that a civil case be opened in which the IFP application and pleading will be evaluated. This procedure will not preclude Favors from proceeding IFP in any matter for which he is financially eligible, but it is unfortunately necessary because he cannot be trusted to accurately represent the state of his finances.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. This matter is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of plaintiff Joseph Anthony Favors [ECF No. 2] is DENIED.

3. Favors is restricted from opening non-habeas civil matters in this District unless he either pays the full filing fee for the matter or submits financial

documentation demonstrating his financial eligibility for *in forma pauperis* status, as described above.  The Clerk of Court is directed to open a miscellaneous proceeding whenever Favors attempts to initiate a non-habeas civil proceeding and applies for *in forma pauperis* status but does not supply the required financial documentation.  Failure by Favors to submit the required financial documentation within 30 days of the opening of the miscellaneous proceeding will result in dismissal of that proceeding for failure to prosecute.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 29, 2021                                  s/Patrick J. Schiltz_____
                                                                           Patrick J. Schiltz
                                                                           United States District Judge